IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JARROD WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. <u>10-CV-2567 EFM/GLR</u> |
| | ) |
| CITY OF VALLEY CENTER, KANSAS, | ) |
| | ) |
| Defendant. | ) |

<u>COMPLAINT</u>

<u>Count I</u>

1. This suit is brought by Jarrod West, a resident and homeowner in the City of Valley Center, Kansas, who seeks to exercise his right to free speech by, among other things, displaying a yard sign protesting the city government's failure to address and remediate a water drainage problem that has affected his home and neighborhood for many years. However, instead of permitting plaintiff to display his sign in exercise of his constitutional rights under the First and Fourteenth Amendments to the United States Constitution and under the Kansas Bill of Rights, defendant filed a baseless criminal defamation prosecution against plaintiff which has had the effect of chilling his right to freedom of speech, thus causing him irreparable harm.

2. This action arises under the Constitution of the United States and the provisions of 42 U.S.C. § 1983. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a), and pursuant to 42 U.S.C. § 1983.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff Jarrod West is a resident of the City of Valley Center, Kansas, and owns a home there.

1

5. Defendant City of Valley Center, Kansas, is a municipal corporation and a political subdivision of the State of Kansas and is a "person" for purposes of 42 U.S.C. § 1983.

6. In June 2010, plaintiff and one of his neighbors paid to have two large, vinyl signs made.  Each sign bore a message protesting the failure of the defendant to adequately address or remediate a water drainage problem that had affected their homes and neighborhood for many years.

7.   On June 20, 2010, plaintiff posted one of the vinyl signs in his yard.  That sign read as follows:

> *Dear Valley Center,*
> *I did not buy Lake Front Property!*
> **Fix this problem.**
> **This is what I pay taxes for.**
> *PS. Joel this means you!*

8.  "Joel" is the City Administrator of Valley Center, Kansas, Joel Pile, whose job description states that the City Administrator is responsible for all subordinate employees, including the City Engineer and Public Works employees.

9.   In a letter dated June 25, 2010, defendant's city attorney, Barry L. Arbuckle, questioned the factual accuracy of plaintiff's sign, particularly the part that read "*PS. Joel this means you!*" In that letter, the city attorney also demanded that plaintiff "provide your factual basis for your claim as to Mr. Pile's personal responsibility by July 2, 2010, or I must presume you actually know of no such facts as to his personal responsibility."

10.   Plaintiff read the city attorney's letter as threatening legal action against plaintiff based on plaintiff's display of his yard sign.

11. Because he feared that defendant would take legal action against him based on his yard sign, plaintiff removed his yard sign on July 10, 2010.

12. On or about July 28, 2010, defendant named plaintiff as a defendant in a Uniform Criminal Complaint charging plaintiff with criminal defamation in violation of Valley Center, Kansas ordinance 1183.09, Sec. 3.9(a). The factual allegations of that complaint read as follows:

> The defendant, Jarrod West, from approximately June 20th, 2010 to July 10th, 2010, communicated to Valley Center, Kansas residents and to the public traveling in the environs of Valley Center, Kansas, by means of a large white sign with red lettering, placed in his yard, information regarding Joel Pile, the Valley Center City Administrator, alleging that Mr. Pile was personally responsible for water drainage issues Mr. West had experienced on his Valley Center residential property at 104 Northwind, Valley Center, Kansas, and, furthermore, that Mr. Pile was derelict in his employment duties in failing or refusing to resolve West's drainage problems, which communications tended to expose Mr. Pile to public contempt and ridicule, and also tended to deprive Mr. Pile or [*sic*] the benefit of public confidence and social acceptance, and said communications were known to be false by Mr. West or made with reckless disregard for their truth, and thus made with actual malice by Jarrod West.

13. On August 25, 2010, defendant dismissed the criminal defamation complaint against plaintiff "without prejudice." In a letter dated September 29, 2010, counsel for plaintiff asked defendant's city attorney whether plaintiff would risk further defamation or other charges if he were to display the same yard sign that led to the previous charge of criminal defamation. The city attorney's response was as follows: "I will not advise of my action should Mr. West republish his sign."

14. Based on the city attorney's letter dated June 25, 2010, the criminal defamation charges filed on July 28, 2010, and the city attorney's refusal to state that defendant would not take legal action based on plaintiff's display of his yard sign, plaintiff is concerned that, if he displays the yard sign, he will risk further citations and prosecutions by defendant. For that reason, plaintiff has not re-posted his yard sign.

15. As a proximate result of defendant's actions complained of above, including but not limited to defendant's policies and actions denying or impeding plaintiff's right to freedom of

3

speech, plaintiff suffered significant emotional distress and other damages, including loss of customers in his business.

16.     The conduct complained of above constitutes unreasonable and unconstitutional interference with and infringement upon plaintiff's exercise of rights, including but not limited to the rights of freedom of speech and freedom of peaceful political protest, guaranteed under the First and Fourteenth Amendments to the United States Constitution.

17.   Plaintiff has no adequate remedy at law, and unless this court grants the injunctive and declaratory relief herein requested, plaintiff will be unable to exercise his rights, and in addition to the irreparable harm already suffered, plaintiff will continue to be irreparably damaged.

## Count II

18.   Plaintiff repeats and realleges the allegations made in Paragraphs 1 through 17 of Count I as if fully set forth in paragraph 18 of Count II.

19.    The conduct complained of above constitutes unreasonable and unconstitutional interference with and infringement upon plaintiff's exercise of rights guaranteed under Section 11 of the Kansas Bill of Rights.

WHEREFORE, on each Count of this Complaint, plaintiff prays that this Court issue:

A.   Preliminary and permanent injunctions enjoining and restraining defendant and its officers, agents, and employees from initiating any prosecution of plaintiff based on his protected speech activities;

B.   Preliminary and permanent injunctions enjoining and restraining defendants from further interference with plaintiff's exercise of his rights of freedom of speech;

C.   A declaratory judgment adjudging plaintiff's yard sign is protected speech; and

D. Monetary damages sufficient to compensate plaintiff for the emotional distress and other damages that were caused by defendant's violations;

E. Such other orders and further relief, including an award of costs and an award of reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, as this court deems just and equitable.

<u>Place of Trial</u>

Pursuant to D. Kan. Rule 40.2, plaintiff designates Kansas City as the place for trial.

Respectfully submitted,

<u>/s/ Stephen Douglas Bonney</u>
Stephen Douglas Bonney, KS Bar No. 12322
ACLU of Kansas & Western Missouri
3601 Main Street
Kansas City, MO 64111
Tel. (816) 994-3311
Fax: (816) 756-0136
dbonney@aclukswmo.org

and

<u>/s/ James D. Jenkins</u>
James D. Jenkins, D. Kan. Bar No. 78125
7608 Pennsylvania Avenue
Kansas City, Missouri 64114
Tel. (816) 810-7548
Fax: (816) 756-0136
jjenkins@valancourtbooks.com
ATTORNEYS FOR PLAINTIFF